J-S56011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DARELL REESE | |
| Appellant | No. 3278 EDA 2016 |

Appeal from the PCRA Order September 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0100571-1998

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 18, 2017**

Darell Reese appeals from the September 22, 2016 order dismissing as untimely his fifth petition for post-conviction relief.  We affirm.

On September 23, 1999, a jury convicted Appellant of first-degree murder for his participation in the shooting death of Rasheed Davis and the non-fatal shooting of Lennell Billington on November 22, 1997, in Philadelphia.[1]  He was sentenced to life in prison without possibility of parole.  This Court affirmed judgment of sentence, **Commonwealth v. Reese**, 782 A.2d 1058 (Pa.Super. 2001) (unpublished memorandum), and

---

[1]  Appellant was previously convicted of aggravated assault, criminal conspiracy and possession of an instrument of crime.  At the first trial, the jury could not reach a verdict on the first-degree murder charge, resulting in a second trial on that charge alone.

*  Retired Senior Judge specially assigned to the Superior Court.

the Supreme Court denied allowance of appeal on December 14, 2001. *Commonwealth v. Reese*, 793 A.2d 907 (Pa. 2001).

Appellant filed a timely first PCRA petition and counsel was appointed. Counsel filed a *Turner*/*Finley* no-merit letter, and the PCRA court granted counsel leave to withdraw, issued Rule 907 notice, and later dismissed the petition as meritless. That decision was affirmed on appeal to this Court and allowance of appeal was denied. *Commonwealth v. Reese*, 885 A.2d 581 (Pa.Super. 2005). Appellant subsequently filed an unsuccessful petition for writ of *habeas corpus* in the federal court, and three PCRA petitions that were dismissed as untimely, with the dismissals affirmed by this Court on appeal.

Appellant's latest PCRA petition, filed on March 21, 2016, and amended on June 27, 2016, was dismissed as untimely on September 22, 2016, following issuance of Rule 907 notice. Appellant asserted therein that his petition was timely under the exception for newly-recognized constitutional rights held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(iii). He maintained that *Lafler v. Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 133 (2012), recognized a new constitutional right to effective representation of counsel during the plea negotiation process, and that the decisions were entitled to retroactive effect under *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

In his amended *pro se* petition filed on June 27, 2016, Appellant claimed that his sentence of life imprisonment without parole was illegal and unauthorized by statute since he was under twenty-five years of age when the crimes were committed, citing *Miller v. Alabama*, 567 U.S. 460 (2012) (holding mandatory life sentences without possibility of parole for those under age eighteen violative of eighth amendment prohibition against cruel and unusual punishment) and *Montgomery*, *supra* (holding *Miller* is a new rule retroactive to cases on collateral review).

The PCRA court entered an order dismissing the petition as untimely on September 22, 2016. Appellant timely appealed and the court issued its opinion. Appellant presents four questions for our review:

1. Whether the court erred as a matter of law, when it dismissed petitioner's PCRA for lack of jurisdiction/untimely[?]

2. Whether the legislature (sic) intent the PCRA's Time Limits to affect the PCRA Courts' jurisdiction?

3. Whether the Time Limits in 42 Pa.C.S.A. § 9545 are jurisdictional?

[4.] Whether counsel was ineffective when he failed to inform petitioner of the Commonwealth's plea offer?

Appellant's brief at v.

We review the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015)). It is well

- 3 -

settled law that all PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time bar applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); *see also Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006).

Appellant's petition, filed almost fifteen years after his judgment of sentence became final, is facially untimely. Nor did he plead and prove applicable exceptions to the time bar. We adopt the thorough and well-reasoned opinion of the Honorable Leon W. Tucker, in affirming the order dismissing the instant petition as untimely.[2]

In addition to the claims addressed by the PCRA court, Appellant challenges for the first time on appeal the constitutionality of the PCRA's one-year time limitation and its jurisdictional effect. We find these claims waived as Appellant could have raised them in prior post-conviction proceedings. *Commonwealth v. Mason*, 130 A.3d 601 (Pa. 2015). Were

---

[2] Even if the PCRA petition had been timely filed, no relief was due. The PCRA court correctly found Appellant's claim that the court failed to instruct him of his right to seek modification of his sentence waived and his ineffective assistance of counsel claims previously litigated. Finally, the court properly rejected Appellant's claim that his sentence of life in prison without possibility of parole was illegal, and additionally reiterated that legality of sentence challenges are subject to the PCRA's time limitation.

J-S56011-17

they not waived, we would reject them as meritless. The constitutionality of the PCRA time bar was upheld by this Court in **Commonwealth v. Burton**, 936 A.2d 521 (Pa.Super. 2007), and our Supreme Court affirmed the jurisdictional effect of the time limitation in **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998) and **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/17

- 5 -